```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---
D.G. SWEIGERT,

                 Plaintiff,

     - against -

JASON GOODMAN, ET AL.,

                 Defendants.

23-cv-5875 (JGK)
23-cv-6881 (JGK)

ORDER

---

**JOHN G. KOELTL, District Judge:**

     Pursuant to the Court's Memorandum Opinion and Order dated October 11, 2024, the Court gave the plaintiff the opportunity to file a motion to amend attaching a copy of the proposed consolidated second amended complaint by October 30, 2024. No such motion was filed by that date. Accordingly, by Order dated October 31, 2024, the Court **dismissed with prejudice** the plaintiff's claims brought in case number 23-cv-5875 (the "5875 Action") and in case number 23-cv-6881 (the "6881 Action"), except those claims brought pursuant to New York State Civil Rights Law §§ 50 & 51.

     Instead of filing a timely motion to amend, the plaintiff submitted a request to extend the deadline on October 28, 2024, two days before the motion was due. The request was not filed on the Case Management/Electronic Case Files (CM/ECF) system until November 1, 2024. The plaintiff's request for an extension is **denied**. The Court will not afford the plaintiff an extended or additional opportunity to file a proposed consolidated second amended complaint because the plaintiff has made no effort to show

that he could successfully amend, as further indicated by the plaintiff's meritless Rule 59(e) motion.

The plaintiff's Rule 59(e) motion is **denied** because the plaintiff has failed to comply with the requirements of Rule 59 of the Federal Rules of Civil Procedure. A motion for reconsideration brought pursuant to Rule 59(e) "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). Such motions are "appropriate only where the movant demonstrates that 'the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.'" Id. at 392 (quoting Yurman Design Inc. v. Chaindom Enters., Inc., No. 99-cv-9307, 2000 WL 217480 (S.D.N.Y. Feb. 22, 2000)). As stated above, the plaintiff has made no effort to show that he could successfully amend the numerous deficiencies in his complaints. Moreover, the plaintiff has failed to show that this Court's decision was erroneous. To the extent the plaintiff relies on subsequent evidence, those materials do not affect the Court's prior decisions with respect to the claims asserted by the plaintiff.

The Clerk is directed to close ECF Nos. 174 & 179 in the 5875 Action and ECF Nos. 150 & 151 in the 6881 Action.

**SO ORDERED.**

Dated:  New York, New York
        November 18, 2024

                                    _____
                                    John G. Koeltl
                                    United States District Judge